**C. H. WILDMAN**

v.

**S. Hayward WILLS et al.**

**Civ. A. No. 78–1246.**

United States District Court,
E. D. Pennsylvania.

Nov. 29, 1978.

Richard D. Greenfield, Bala Cynwyd, Pa., for plaintiff.

Oliver C. Biddle, Philadelphia, Pa., for Wills.

Joseph W. Swain, Jr., John W. Frazier, IV, Philadelphia, Pa., for defendants.

### MEMORANDUM AND ORDER

NEWCOMER, District Judge.

This is a suit alleging fraudulent conduct by the defendants in violation of Section

10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10(b)5, 17 C.F.R. § 240.10b–5 promulgated thereunder. The plaintiff also alleges breach of fiduciary duties by the defendants under state law.

The defendants, Peat, Marwick & Mitchell and S. Hayward Wills have moved to dismiss the plaintiff's complaint for failure to state "the circumstances constituting fraud or mistake . . . with particularity", as required by F.R.Civ.P. 9(b). For the reasons set forth below the Court denies the defendants' motions to dismiss, but will order the plaintiff to amend his complaint to clarify the matters at issue.

The complaint alleges that the defendants (an accounting firm and the Chief Executive Officer of GAC Companies) violated the anti-fraud provisions of the Securities Exchange Act by misrepresenting or failing to disclose in various financial statements certain material facts about the financial condition of the GAC Companies. However, it is difficult to determine, even after a careful reading of the complaint, who misrepresented what, where. The defendants argue that such vagueness requires dismissal of the complaint.

The parties have cited, and the Court has considered, numerous cases which discuss the specificity required in a Rule 9(b) complaint. The case which the Court found most persuasive of those cited was *Denny v. Barber*, 576 F.2d 465 (2d Cir. 1978) (Friendly, J.):

"Plaintiff's counsel has called our attention to a number of district court decisions . . . which are alleged to have sustained complaints no more specific than this. Defendants dispute this and counter with an equal number of district court decisions alleged to have dismissed complaints more specific than this one. We see no profit in attempting to analyze these decisions, which may or may not be consistent and each of which necessarily rests on its particular facts." 576 F.2d at 470.

■ The plaintiff's complaint in this case contains sufficient information to meet the Rule 9(b) standard of particularity. Paragraphs 11, 13 and 14 can be parsed and reassembled to state a claim cognizable under Rule 10(b)5 against Peat, Marwick & Mitchell [1]:

"[Defendant Peat, Marwick & Mitchell] had actual knowledge of or had notice or willfully disregarded facts showing that the assets and earnings of the GAC Companies were overstated, and [had actual knowledge of or had notice or willfully disregarded] the existence of material adverse problems above alleged [in paragraph 11, e. g.] that substantial numbers of the customers of the GAC Companies were stopping payment on their land purchase contracts and more than $30 million had been lost as a result thereof.

[Nevertheless, Peat, Marwick & Mitchell] failed to disclose [those] material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading to plaintiff and the investing public. [Such failures to disclose occurred in] a registration statement filed with the S.E.C. declared effective on or about August 24, 1971; [and in] annual reports for the years 1970 and 1971; [and in] reports on Form 10–K [for 1970 and 1971].

[Said documents were prepared] with the active participation, acquiescense, cooperation or assistance of [Peat, Marwick & Mitchell].

By reason of the aforesaid [joint acts of the defendants] plaintiff purchased substantial quantities of GAC common stock during the relevant period for excessive consideration. Subsequently, and due to facts which were either fraudulently concealed or misrepresented to plaintiff and the investing public, the market value of such securities declined drastically, all to the detriment of plaintiff in an amount in excess of $200,000."

---

1. Language supplied by the Court is bracketed. Ellipses and specific paragraph references have been omitted.

The allegations of paragraphs 11 and 14 can be similarly combined to state a claim against Defendant Wills.

The Court finds that the complaint barely meets the requirement of Rule 9(b) that "the circumstances constituting fraud or mistake . . . be stated with particularity." Dismissal of the plaintiff's claims is therefore not warranted.

However, the Court will treat the defendants' motion to dismiss under Rule 12(b)(6) as a motion for a more definite statement under Rule 12(e), F.R.Civ.P.,[2] and that motion will be granted. It would be unreasonable to require the defendants to frame a responsive pleading to the complaint as it now stands.[3]

The plaintiff is therefore ordered to amend his complaint to particularize more clearly the following:

1. the financial statements he relied on to his detriment;

2. in what respect *each* such financial statement was false, misleading or inaccurate including

    (a) the statements in each financial document which were allegedly false or misleading, and

    (b) the facts which the plaintiff contends should have been, but were not disclosed in each document;

3. the duty of each defendant to disclose or state truthfully any material facts (stated separately as to each document, if necessary);

4. the exact dates (if known) or approximate dates *on* which the plaintiff purchased GAC stock;

5. any other allegations of misconduct committed by each defendant;

6. any other allegations, such as reliance or scienter, which the plaintiff considers necessary to support a claim under Rule 10(b)5 or state law.

See *Clinton Hudson & Sons v. Lehigh Valley Cooperative Farms,* 73 F.R.D. 420, 424 (E.D.Pa.1977).

■ As is clear from its decision on the defendants' motions to dismiss, the Court is not implying that every complaint must include all the details set forth above to satisfy Rule 9(b). That Rule demands different factual allegations in different contexts. Nevertheless, the adequacy of a complaint for purposes of withstanding a motion to dismiss does not establish its adequacy as a foundation for complex litigation. There is no reason that the defendants or the Court should be forced to edit or "cut and paste" the plaintiff's complaint to be able to determine what misconduct is being alleged. Rule 8(e)(1), F.R.Civ.P., demands that "Each averment of a pleading shall be simple, concise, and direct." The defendants are entitled to averments which satisfy both the commands of Rule 8(e)(1) and those of Rule 9(b).

---

2. Rule 12(e) provides in part:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall

point out the defects complained of and the details desired. . . ."

3. A Rule 12(e) order is, in practice, rarely proper where a Rule 8(a) "notice" *complaint is* challenged. However, a Rule 12(e) order appropriately serves to complement Rule 9(b) in cases where more particularization is required.